# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2021

Lyle W. Cayce
Clerk

No. 20-60876
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Leonard Griffin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CR-75-1

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Leonard Griffin, federal prisoner # 09300-043, is serving a 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He challenges the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release due to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60876

COVID-19 pandemic.    Griffin contends that his health conditions (hypertension and hyperthyroidism), his age (49), and his being black create a risk of severe illness due to COVID-19, constituting extraordinary and compelling reasons for compassionate release.  He also asserts his mother's advanced age and health conditions warrant compassionate release to allow him to care for her.  Further, Griffin contends the 18 U.S.C. § 3553(a) sentencing factors support his request.

A district court may reduce a defendant's sentence if, after considering any relevant § 3553(a) factors, it finds:  "extraordinary and compelling reasons warrant such a reduction"; and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  This court reviews the district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion, giving deference to the district court's application of the § 3553(a) sentencing factors.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (noting the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case").

The court determined that, even if there were extraordinary and compelling reasons warranting Griffin's release (there were not), he would be a danger to society and should not be released.  The court relied on Griffin's prison disciplinary record, which includes a conviction for assaulting an officer.  Griffin has not established that the court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the § 3553(a) factors weighed against a compassionate-release reduction.  *See* § 3553(a)(1) (history and characteristics of defendant) and (a)(2)(C) (need to protect the public); *see Chambliss*, 948 F.3d at 694.

AFFIRMED.